**JUNLI ZHANG, aka Jun Li Zhang, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

No. 13–962

United States Court of Appeals, Second Circuit.

July 14, 2015.

Troy Nader Moslemi, New York, New York, for Petitioner.

Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Junli Zhang, a native and citizen of the People's Republic of China, seeks review of a February 21, 2013, order of the BIA affirming the September 1, 2011, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Junli Zhang,* No. A200 172 732 (B.I.A. Feb. 21, 2013), *aff'g* No. A200 172 732 (Immig. Ct. N.Y. City Sept. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of a forced abortion or sterilization under a coercive population control policy, an applicant is required to "(1) identif[y] the government policy implicated by the births at issue, (2) establish[ ] that government officials would view the births as a violation of the policy, and (3) demonstrate[ ] a reasonable possibility that government officials would enforce the policy against [the applicant] through means constituting persecution." *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 143 (2d Cir.2008).

The agency did not err in concluding that Zhang failed to demonstrate the objective reasonableness of her fear of harm under China's coercive population control policy. As the agency found, she did not

establish that family planning officials would consider her to be in violation of China's one child policy, because she only has one child with her husband. *See id.* Her assertion that she and her husband want to have a second child in the future is speculative and insufficient to establish her eligibility for asylum. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005). Accordingly, the agency reasonably denied Zhang asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). We need not review the agency's alternative bases for denying relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).